UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

    Plaintiff,

v.                                                        Case No. 24-CV-1227

CASSANDRA BUSCHE,
on behalf of L.S.B.,
TALIA E. BUSCHE, and
JEANNINE M. DEVROY,

    Defendants.

## DECISION AND ORDER

**1. Background**

In 2005, James M. Busche purchased a life insurance policy from Lincoln National Life Insurance Company. (ECF No. 1, ¶ 9.) He named his wife Cassandra Busche as the primary beneficiary and his sister Jeannine Devroy as the contingent beneficiary. (ECF No. 1, ¶ 10.) James and Cassandra then had two children, Talia and L.S.B. who remains a minor.

James and Cassandra divorced in 2023. (ECF No. 1, ¶ 13.) The parties omitted the Lincoln National policy in the marital settlement agreement. (ECF No. 1-3.) However, the marital settlement agreement addressed life insurance policies generally and stated, "The parties agree that any group life insurance policies or

other life insurance presently in force shall be maintained with minor child of the parties, or a trust for the benefit of the minor child, receiving at least one-half of the proceeds as beneficiary." (ECF No. 1-3 at 17-18, sec. V., D.)

James died on April 24, 2024. (ECF No. 1-4 at 2.) At that time, Talia was already an adult; L.S.B. was James's only minor child.

Lincoln National filed this interpleader action pursuant to Fed. R. Civ. P. 22 to resolve the question of who is entitled to the proceeds of James's policy. The court has jurisdiction under 28 U.S.C. § 1332. The court granted Lincoln National's motion to deposit the proceeds of the policy and then dismissed it as a party. (ECF No. 28.)

Devroy has now moved for judgment on the pleadings seeking half the proceeds to herself and half to L.S.B. (ECF No. 32.) She argues that under Wis. Stat. § 854.15(3)(a), James and Cassandra's divorce revoked James's designation of Cassandra as the beneficiary of his life insurance policy. Thus, Devroy was left as the sole beneficiary. That, however, she acknowledges is inconsistent with the marital settlement agreement, which required that any minor child be at least a 50 percent beneficiary of any life insurance provision. Therefore, she agrees that the court should impose a constructive trust on the proceeds and provide half to L.S.B. *Cf. Nilles v. Estate of Nilles (In re Estate of Nilles)*, 2003 WI App 67, ¶7, 261 Wis. 2d 877, 659 N.W.2d 506 (unpublished) (summarizing the law regarding a constructive trust).

The other side, comprised of James's daughters, Talia and L.S.B., whom the court will refer to here collectively as the Busches, argues that all the proceeds should go to L.S.B. or alternatively be divided equally between Talia and L.S.B. Cassandra

2

Case 1:24-cv-01227-BBC    Filed 12/18/25    Page 2 of 7    Document 37

has appeared only as guardian of L.S.B.; Cassandra has not asserted any independent claim.

**2. Applicable Law**

Although discovery has closed, Devroy has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) rather than for summary judgment under Rule 56. As a result, the court applies the plausibility standard applicable to motions under Rule 12(b)(6).[1] *Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 519 (7th Cir. 2025). The court's analysis is confined to the pleadings—the complaint (ECF No. 1), the parties' answers (ECF Nos. 8, 11), and the appended documents (ECF Nos. 1-1 – 1-9). The operative question is whether, construing the allegations in the light most favorable to the non-movant, is it plausible that the non-movant could prevail. *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016). The court can grant a motion for judgment on the pleadings only if the pleadings prove that there are no circumstances under which the nonmovant could prevail. *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821, 824 (7th Cir. 2016).

Spouses routinely designate each other as beneficiaries of assets such as life insurance policies. It is unfortunately common for people to then forget about these designations, and not even significant life changes like the birth of children or divorce

---

[1] Statements in *Alexander v. City of Chi.*, 994 F.2d 333, 336 (7th Cir. 1993), could be read as saying that a court applies the motion for summary judgment standard when a movant challenges the substantive merits of a claim in a Rule 12(c) motion. The court of appeals, however, has subsequently made clear that a court applies the plausibility standard applicable to a Rule 12(b)(6) motion to a Rule 12(c) motion like Devroy's. *See Wolf*, 132 F.4th at 519 ("We therefore take this opportunity to clarify that under Rule 12(c), as under Rule 12(b)(6), the factual allegations in the complaint, accepted as true, must 'raise a right to relief above the speculative level' for the suit to proceed any further.").

will cause one to revisit their decisions. But most people would not want their exspouse to receive their life insurance proceeds. In fact, following the lead of the Uniform Probate Code, most states, including Wisconsin, have adopted laws which, upon divorce, automatically revoke beneficiary designations to a spouse. *See Sveen v. Melin*, 584 U.S. 811, 815 (2018); Wis. Stat. § 854.15. But these statutes, including Wisconsin's, create merely a presumption. *See Allstate Life Ins. Co. v. Hanson*, 200 F. Supp. 2d 1012, 1013 (E.D. Wis. 2002). There are many exceptions and thus the presumption may be overcome. *See* Wis. Stat. § 854.15(5).

### 3. Analysis

The Busches argue that factual disputes as to James's intent preclude judgment in favor of Devroy. They point to Wis. Stat. § 854.15(5)(bm), which states that, although dispositions of property to a spouse or a spouse's relative are ordinarily revoked upon divorce, *see* Wis. Stat. § 854.15(3), an exception applies if the person had a contrary intent. Specifically, "If the transfer is made under a governing instrument and the person who executed the governing instrument had an intent contrary to any provision in this section, then that provision is inapplicable to the transfer. Extrinsic evidence may be used to construe the intent." Wis. Stat. § 854.15(5)(bm).

The Busches argue, "The Court cannot merely remove Cassandra and divert the Policy to Ms. DeVroy, the contingent beneficiary, without trying to determine James' intent in regards to the Policy." (ECF No. 33 at 7.) They argue that James's

4

Case 1:24-cv-01227-BBC     Filed 12/18/25     Page 4 of 7     Document 37

true intent, as evidenced by the marital settlement agreement, was that his assets go to his children. (ECF No. 33 at 7.)

However, Wis. Stat. § 854.15(5)(bm) does not broadly empower a court to ignore beneficiary designations and distribute non-probate assets according to what the court finds the decedent would have wanted. The statute is narrow; it merely negates the presumption that, upon divorce, the decedent intended to revoke the designation of his spouse as the beneficiary. Thus, if Wis. Stat. § 854.15(5)(bm) applies, and the designation of Cassandra as the primary beneficiary was not revoked upon their divorce, then Cassandra is the beneficiary.

The Busches have demonstrated that it is plausible that James did not intend to revoke his designation of Cassandra as the beneficiary of the life insurance policy, and therefore the court must deny Devroy's motion for judgment on the pleadings. While Devroy argues that the court should not "entertain other speculative conjecture" as to what James's intent may have been (ECF No. 36 at 3), a motion for judgment on the pleading allows for a significant degree of speculation and conjecture in the court's assessment of what is plausible. And it is plausible that James intended to maintain the designation of Cassandra as a beneficiary to, for example, provide an efficient (if unsophisticated) means for passing assets for the benefit of his daughters. Notwithstanding divorce, a person may reasonably trust a co-parent to manage assets ultimately for the benefit of their children. After all, that is the premise behind the payment of child support or the designation of a custodial parent as payee for any social security benefits payable to a child. Maintaining a co-parent as a beneficiary

will shortcut the sometimes cumbersome process of establishing a trust for a minor or the formalities of a custodial account under the Uniform Transfer to Minors Act. It also allows for both greater control over the assets (by, for example, limiting when and for what reasons a child may access the funds) and greater flexibility (by, for example, allocating more to one child if circumstances make it necessary).

Devroy's claim depends on James's designation of Cassandra as beneficiary having been revoked pursuant to Wis. Stat. § 854.15(3). Absent the revocation statute, there would be no dispute that Cassandra would recover (subject to a claim by L.S.B. in light of the marital settlement agreement). Because it is plausible that an exception to this presumption applies, the court must deny Devroy's motion for judgment on the pleadings. However, the court's conclusion that an exception to Wis. Stat. § 854.15(3) plausibly applies presents at least two procedural problems.

First, Cassandra is not yet a party to this action. Although she has appeared, she has appeared only in the capacity of L.S.B.'s guardian rather than personally. Cassandra is a necessary party under Fed. R. Civ. P. 19(a) and 22(a). *See, e.g.*, *Minn. Life Ins. Co. v. Fitzwater*, No. 2:11-cv-00360, 2012 U.S. Dist. LEXIS 9587, at *8 (S.D. W. Va. Jan. 26, 2012). She must appear to either assert or disclaim a stake in the action. *See Slack v. Carey*, No. 4:23-cv-00113-KMB-TWP, 2023 U.S. Dist. LEXIS 250213, at *4 (S.D. Ind. Oct. 18, 2023) (stating that the court may discharge a stakeholder defendant if the stakeholder states she has no claim) (citing *Com. Nat'l Bank of Chicago v. Demos*, 18 F.3d 485, 487 (7th Cir. 1994)). Although the Busches state that Cassandra is not making a claim (ECF No. 33 at 4, fn. 1), because she is

not a party, nor has she appeared in her personal capacity (but only as guardian of L.S.B.), the court cannot accept that sort of statement as a disclaimer of interest.

Second, if Wis. Stat. § 854.15(5)(bm) applies, a potential conflict arises with the marital settlement agreement. As a result, Cassandra's personal interests (where she stands to receive all the proceeds of the policy) may be adverse to those of L.S.B (who, under the marital settlement agreement, has an interest in at least half of the proceeds).

But as to Devroy's motion for judgment on the pleadings, **IT IS THEREFORE ORDERED** that "Defendant Jeannine M. Devroy's Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 12(c)" is **denied**.

**IT IS FURTHER ORDERED** that Cassandra Busche is added as a party pursuant to Fed. R. Civ. P. 19(a). Within **28 days** Cassandra Busche shall answer the complaint.

**IT IS FURTHER ORDERED** that the Clerk shall set this matter for a telephonic status conference in approximately 45 days. In advance of the conference the parties shall confer and attempt to agree on a proposed schedule for further proceedings.

Dated at Green Bay, Wisconsin this 18th day of December, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
